**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-51193
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE LUIS SAENZ-BUSTILLOS, also known as Chirros,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-666-2

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Saenz-Bustillos (Saenz) pleaded guilty to one count of conspiring to possess 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana (Count One) and to one count of using a communication facility to facilitate the commission of a felony offense under the Controlled Substance Act (Count Two). The district court, relying on information in the Presentence Report (PSR), determined at sentencing that Saenz was responsible for 839.16 kilograms of marijuana, a greater amount than

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Saenz admitted to when pleading guilty. Saenz was sentenced to a 73-month term of imprisonment on Count One and to a statutory maximum 48-month term of imprisonment on Count Two.

To the extent that Saenz argues that it was improper under *United States v. Booker*, 523 U.S. 220 (2005) for the district court to consider uncharged conduct in determining his base offense level, his argument is without merit. Under the sentencing regime in place after *Booker*, a "sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." *United States v. Johnson*, 445 F.3d 793, 798 (5th Cir. 2006) (quotation marks and citation omitted). In determining a defendant's base offense level, the district court may consider drug quantities not specified in the count of conviction if they are part of the defendant's relevant conduct as defined in U.S.S.G § 1B1.3. *United States v. Vital*, 68 F.3d 114, 118 (5th Cir. 1995).

Saenz argues that the information in the PSR was not sufficient reliable and that his rights under the Confrontation Clause were violated by the use of information regarding drug quantity provided by a co-conspirator. He also contends that the district court clearly erred in finding that he was responsible for 939.16 kilograms of marijuana.

Here, the information in the PSR regarding previous loads of marijuana received by Saenz was provided by an individual who worked with Saenz in obtaining the contraband. The previous marijuana loads were properly considered as relevant conduct by the district court as they were part of the same course of conduct as the offense of conviction. *See* § 1B1.3; *United States v. Ocana*, 204 F.3d 585, 589-90 (5th Cir. 2000). Because Saenz failed to come forward with rebuttal evidence, the district court was entitled to rely on the information contained in the PSR. *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). The district court's determination that Saenz was

responsible for 839.16 kilograms of marijuana was plausible in light of the record as a whole and thus was not clearly erroneous. *See id.* Saenz's contention that his rights under the Confrontation Clause were violated at sentencing is without merit. *See United States v. Mitchell*, 484 F.3d 762, 776 (5th Cir. 2007).

AFFIRMED.